UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
ANN BURTON,

                                        Plaintiff,

                -against-

CIVIL COURT OF THE CITY OF NEW YORK, *et al.*,

                                        Defendants.
------------------------------------------------------------------x

**FILED**
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y

★  **JAN 19 2012**

**BROOKLYN** OFFICE

**ORDER**

11-CV-5606 (SLT) (LB)

**TOWNES, United States District Judge:**

        In November 2011, plaintiff Ann Burton, proceeding *pro se*, commenced this action

against the Civil Court of the City of New York ("Civil Court"); a court clerk, Dorothy Doe; and

five New York State Court Officers, alleging violations of her rights under the First, Fourth, and

Fourteenth Amendments of the United States Constitution.  In a Memorandum and Order dated

December 6, 2011 (the "Prior M&O"), this Court granted plaintiff permission to proceed *in*

*forma pauperis*, but dismissed plaintiff's claims against the Civil Court, Officer #6925, and

Officer John Doe, as well as plaintiff's official-capacity claims against the remaining defendants.

The Court directed plaintiff to file an amended complaint within 30 days clarifying plaintiff's

individual-capacity claims against defendants Dorothy Doe, Officer Laura #3604, Major Lowe,

and Lieutenant Daly.

        In a letter dated January 6, 2012, which purports to pertain to all of plaintiff's pending

cases, plaintiff makes several applications regarding this case.  Construed liberally, plaintiff

principally seeks (1) an extension of time in which to file the amended complaint and (2) an

order directing Corporation Counsel to assist her in identifying Officer #6925 and Officer John

Doe. Plaintiff also objects to the Prior M&O, alleging that "it is misconstruing plaintiff's complaint and fails to do justice." Letter to Hon. Bloom/Townes/Amon from Ann Burton dated Jan. 6, 2012, at 4. However, the letter offers only one example of an instance in which the Court allegedly misconstrued plaintiff's complaint, representing that the Prior M&O states that Plaintiff "vouchered" the Sharpie marker when, in reality, she unsuccessfully attempted to do so in order to document the destruction of the marker by Major Lowe. *Id.* In addition, plaintiff alleges that the Court failed to provide a "legal reason or Rule for dismissal Ordered on pg 1." *Id.* at 3.

Having reviewed the Prior M&O and fully considered plaintiff's applications, it is hereby

**ORDERED** that plaintiff's time to file the amended complaint is extended to February 17, 2012;

**ORDERED** that plaintiff's request for an order directing Corporation Counsel to assist her in identifying Officers #6925 and John Doe is denied, since plaintiff's claims against these two defendants were dismissed in the Prior M&O; and

**ORDERED** that those objections to the Prior M&O which are articulated with any specificity in plaintiff's letter dated January 6, 2012, are without merit. The Prior M&O did not state that plaintiff succeeded in "vouchering" the marker. To the contrary, the Prior M&O states that plaintiff attempted to enter the Courthouse with a black Sharpie marker, but was told by defendant Lowe that she could not bring the marker into the Courthouse. Prior M&O at 3. The Prior M&O further states that after plaintiff "disassembled" the marker, defendant Lowe not only refused to voucher it but was directed by defendant Lieutenant Daly to discard it. *Id.* at 3-4. In addition, while the Court's reasons for dismissing plaintiffs claims against the Civil Court, Officer #6925,

2

and Officer John Doe, and plaintiff's official-capacity claims against the remaining defendants are not discussed on page 1 of the Prior M&O, they are discussed in detail on subsequent pages of the Prior M&O.

**SO ORDERED.**

SANDRA L. TOWNES
United States District Judge

Dated: January _18_ , 2012
       Brooklyn, New York

3